1
2
3
4
5
6
7
8                    UNITED STATES  DISTRICT COURT
9                      Northern District of California
10                           Oakland Division
11
12   JAMES DAOUST,
                                              No. C 10-00678 LB
13                      Plaintiff,
                                              **ORDER FOR SUPPLEMENTAL**
14        v.                                  **BRIEFING BY PLAINTIFF**

     U UNLIMITED INC, *et al*.,
15
                       Defendants.
16   _____/

17        Pending before the Court is Plaintiff James Daoust's Application for Default Judgment

18   against Defendants U Unlimited, Inc. and Eitan Spanier.  (Dkt. #9.)  The case is currently set for

19   hearing before the Court on July 1, 2010.  In preparation for the hearing, the Court **HEREBY**

20   **ORDERS** Plaintiff to submit a Second Supplemental Brief addressing the following questions:

21        1.      In his Fourth Cause of Action, Plaintiff asserts a Fair Labor Standards Act claim for

22   failure to pay overtime compensation in violation of 29 U.S.C. § 207(a)(1).  To plead an actionable

23   claim under § 207(a)(1), Plaintiff must plead, in part, that: (a) during his workweek he was "engaged

24   in commerce or in the production of goods for commerce," or (2) was "employed in an enterprise

25   engaged in commerce or in the production of goods for commerce."  *See Chao v. A-One Med.*

26   *Servs., Inc.*, 346 F.3d 908, 915 (9th Cir. 2003).  Reviewing Plaintiff's Complaint, Plaintiff has not set

27   forth any allegations that he was engaged in commerce or the production of goods for commerce.

28   C 10-00678 LB
     Order for Supplemental Briefing by Plaintiff

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Thus, the Court assumes that Plaintiff intends to proceed under the second criteria, specifically, that

2   he was "employed in an enterprise engaged in commerce or in the production of goods for

3   commerce." Section 203(s)(1) of the FLSA sets out the definition of this phrase. Measuring the

4   definition against Plaintiff's allegations, it appears that while Plaintiff has alleged that Defendant U

5   Unlimited "was an enterprise covered by the provisions of the [FLSA]," and that it "conducted

6   business with a total gross sales volume in excess of $500,000," Plaintiff's Complaint is devoid of

7   allegations that would satisfy the commercial component of the definition set forth in 29 U.S.C.

8   203(s)(1)(A)(i). (*See* Dkt. #1, Complaint, ¶¶ 43-44.) In other words, even though Plaintiff has

9   alleged that at least Defendant U Unlimited is an "enterprise," Plaintiff has not alleged that U

10  Unlimited (or Defendant Spanier) "has employees engaged in commerce or in the production of

11  goods for commerce, or that has employees handling, selling or otherwise working on goods or

12  materials that have been moved in or produced for commerce by any person[.]" Nor does Plaintiff's

13  Complaint set forth any facts about Defendants' business from which the Court may infer that such

14  requirement is met. Even in the default judgment context, the Court must still consider the legal

15  sufficiency of the allegations alleged in the complaint. *See Alan Neuman Prod, Inc. v. Albright*, 862

16  F.2d 1388, 1392 (9th Cir. 1988); *Best W. Int'l, Inc. v. Akshay Hotels, inc.*, No. CV 07-358, 2007 WL

17  2320383, at *1 (D. Ariz. Aug. 10, 2007). **The Court therefore directs Plaintiff to identify which**

18  **additional allegations satisfy the commercial component of his 207(a)(1) claim, and/or to**

19  **provide authority holding that such allegation is unnecessary.**

20       2.      Before the Court may grant summary judgment in favor of a plaintiff, the Court must

21  confirm that personal jurisdiction exists over the defendants. *See King v. Russell*, 963 F.2d 1301,

22  1306 (9th Cir. 1992). **Accordingly, Plaintiff shall address the bases for personal jurisdiction**

23  **over both Defendants, with citation to both supporting allegations in Plaintiff's Complaint and**

24  **relevant Ninth Circuit and California authorities.**

25  / / /

26  / / /

27  / / /

28  C 10-00678 LB
    Order for Supplemental Briefing by Plaintiff

2

1    Plaintiff shall e-file his Second Supplemental Brief no later than 5:00 p.m. on Thursday, June

2    24, 2010.

3    **IT IS SO ORDERED.**

4    Dated: June 21, 2010

5                                                    _____
                                                     LAUREL BEELER
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   C 10-00678 LB
     Order for Supplemental Briefing by Plaintiff

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

3