UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JAMES DAOUST,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>U UNLIMITED, INC.; EITAN SPANIER,<br><br>　　　　　Defendants.<br>_____/ | No. C 10-678 LB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO SET ASIDE ENTRY OF**<br>**DEFAULT [ECF No. 17]** |

## I. INTRODUCTION

On February 17, 2010, Plaintiff James Daoust filed this lawsuit against his former employer U Unlimited, Inc., and its founder and president, Eitan Spanier, asserting that they violated California law and the Federal Fair Labor Standards Act by failing to pay him for overtime work, and violated California law by failing to properly itemize his wage statements and provide him with his pay records. Complaint, ECF No. 1.[1] On March 8, 2010, Plaintiff filed proofs of service of summons, showing service on Defendants as follows, which resulted in the following dates for responsive pleadings:

---

[1] Court filings in this order are identified by their docket number on the Electronic Case Filing ("ECF") docket sheet.

ORDER  (C 10-00678 LB)

| Defendant | Means of Service | Service Deemed Effective | Responsive Pleading Date |
|---|---|---|---|
| U Unlimited, Inc. | substituted service and subsequent mailing of the summons and Complaint | March 16, 2010 | April 6, 2010 |
| Eitan Spanier | substituted service and subsequent mailing of the summons and Complaint | March 16, 2010 | April 6, 2010 |

ECF Nos. 4, 5.

On April 14, 2010, Plaintiff asked for entry of default against both Defendants, and the Clerk of the Court entered default on April 16, 2010. ECF Nos. 6, 7. On May 27, 2010, Plaintiff filed an Application for Default Judgment. ECF No. 9. Thereafter, on June 24, 2010, Defendants moved to vacate the entries of default under Federal Rule of Civil Procedure 55(c). ECF No. 17.[2] Defendants also filed a proposed answer and then an amended proposed answer on July 14, 2010. ECF Nos. 16, 23. Because Defendants have shown that their failure to file a responsive pleading was not due to culpable conduct, that they have a meritorious defense, and that Plaintiff will not be prejudiced if the Court vacates the defaults, the Court **GRANTS** Defendants' Motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." *See United States v. Mesle*, No. 09-55353, slip op. 11211, 11219 (9th Cir. Aug. 4, 2010). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default would prejudice plaintiff. *See id. (citing Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning, the court may deny the request to vacate default if any of the three factors is true. *See id. (citing Franchise Holding II*, 375 F.3d at 925). "Crucially, however, '[j]udgment by default is a drastic step appropriate only in

---

[2] Defendants titled their motion, "Motion for Relief from Entry of Default *Judgment*," *see* ECF No. 17, but because the Court never entered default judgement, Defendants' motion seeks relief only from entry of default.

ORDER (C 10-00678 LB)           2

1  extreme circumstances; a case should, whenever possible, be decided on the merits." *Id. (quoting*
2  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

3  The standard is the same standard used to determine whether a default judgment should be set
4  aside under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have
5  greater discretion and can apply the standard more liberally to grant relief from entry of judgment
6  because there is no interest in the finality of the judgment. *See id.* at 11219 n.1 (citations omitted);
7  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Hawaii Carpenters' Trust*
8  *Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Mgmt*, 783 F.2d 941,
9  945 (9th Cir. 1986). When considering whether to vacate a default under Rule 55(c), the court's
10 "underlying concern . . . is to determine whether there is some possibility that the outcome of the
11 suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust*
12 *Fund*, 794 F.2d at 513.

13 As the party seeking to set aside entry of default, Defendants bear the burden of showing good
14 cause under this test. *Id*. To ensure that cases are decided on the merits whenever possible, the
15 court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v.*
16 *Nevada*, 27 F.3d 357, 363 (9th Cir. 1994).

17 **III. DISCUSSION**

18 **A.  Defendants' Culpability**

19 "'A defendant's conduct is culpable if he has received actual or constructive notice of the filing
20 of an action and *intentionally* failed to answer.'" *Mesle*, No. 09-55353, slip op. at 11221 (*quoting*
21 *TCI*, 244 F.3d at 697). "Intentionally" means that a movant is not culpable merely for making a
22 conscious choice not to answer. *Id.* (*quoting TCI*, 244 F.3d at 697). Instead, to treat a failure to
23 answer as culpable, the movant must act with bad faith, such as with "'an intention to take advantage
24 of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal
25 process.'" *Id.* (*quoting TCI Group*, 244 F.3d at 697). For that reason, the Ninth Circuit has
26 "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors
27 where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad
28 faith failure to respond.'" *Id.* (*quoting TCI Group*, 244 F.3d at 698). By contrast, a defendant's mere

negligent failure to file an answer is insufficient to establish culpability under this factor. *TCI Group*, 244 F.3d at 697.

Here, Defendants contend that their failure to respond to the Complaint was due to excusable neglect. Defendants' Motion, ECF No. 17 at 1. Mr. Spanier suffers from chronic depression, which has been debilitating this year. Declaration of Eitan Spanier ¶¶ 2, 19, 20, 22, ECF No. 17-1 at 1, 3. His depression has been compounded because U Unlimited has done little business this year, and as a result, Mr. Spanier has been struggling to support his family. *Id*. at 3, ¶¶ 14, 15. When Plaintiff served him with a demand letter, Mr. Spanier retained the law firm of Wendel Rosen Black & Dean LLP to represent him, but he could not afford their second invoice in January 2010, and they withdrew. *Id*. at 3, ¶ 17, 20. In late May, Mr. Spanier's friend, Jonathan Jaffe, contacted him about an unrelated matter, and Mr. Spanier informed him about the case and the complaint filed in March. *Id*. at 4, ¶ 24. Mr. Jaffe then offered to represent Defendants and filed the motion for relief from default and the proposed answer. *Id*. at 4, ¶ 25. Boiled down, Defendants contend that Mr. Spanier's personal circumstances were so overwhelming and incapacitating that he could not respond to the complaint, but Mr. Jaffe will represent him now. Defendants' Motion, ECF No. 17 at 2.

Plaintiff counters that Mr. Spanier received adequate notice of this lawsuit, chose to ignore it, and now justifies his failure to respond on an exaggerated account of depression that really is "no more than the common feelings of stress and dismay that being sued can cause." *Id*. at 2, 4.

The Court finds that Defendants have demonstrated that their failure to file an answer was unintentional (even though service was proper and Mr. Spanier was aware of the lawsuit before the filing deadline). Mr. Spanier retained counsel initially, could not pay for further representation, had medical issues, and as a result, did not respond to the complaint. Nothing in the record suggests (and Plaintiff has not pointed to any facts showing) that Defendants' failure to respond was devious, deliberate, willful, or done in bad faith. *See Mesle*, No. 09-55353, slip op. at 11221 (*quoting TCI Group*, 244 F.3d at 697). Accordingly, the Court finds that Defendants' conduct was not culpable. *See id*. at 11219.

ORDER (C 10-00678 LB)          4

### B. Meritorious Defense

Under the second factor, a defendant seeking to vacate entry of default must allege specific facts that, if true, would constitute a defense. *See id.* at 11224 (*citing TCI Group*, 244 F.3d at 700). The burden on the defendant is "not extraordinarily heavy." *Id.* (*citing TCI Group*, 244 F.3d at 700). That being said, a mere general denial without facts to support it is insufficient to justify vacating an entry of default. *Franchise Holdings II*, 375 F.3d at 926.

In his Declaration, Mr. Spanier asserts that Plaintiff never worked the hours for which he claims overtime pay and falsified his timesheets. Spanier Declaration ¶¶ 11-12, ECF No. 17-1 at 2. Additionally, in their amended answer, Defendants assert as a defense and a counterclaim that Plaintiff falsified his time sheets, did not work overtime hours but instead worked an alternative workweek under 8 Cal. Code Reg. § 11040, and was paid for hours he did not work. *See* First Amended Answer, ECF No. 23 at 11-12, 16. Plaintiff counters that the proffered defenses go to the amount of damages but do not constitute a complete defense to Plaintiff's claims. Plaintiff's Opposition, ECF No. 22 at 3.

The Court finds that Defendants have offered defenses to Plaintiff's claims for overtime pay and the related claims.

### C. Prejudice to Plaintiff

The final factor examines whether setting aside the default prejudices the Plaintiff. Prejudice is more than "simply delaying the resolution of a case. Instead, the standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *TCI Group*, 244 F.3d at 701 (internal quotations omitted). "[T]he delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. By contrast, merely requiring a plaintiff to litigate the merits of a case is not prejudice under this third prong. *Id*. As the Ninth Circuit explains, "A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id*.

Here, Plaintiff argues that he already has been prejudiced by the year-long delay in receiving wages. Plaintiff's Opposition, ECF No. 22 at 3. He also argues that because U Unlimited is in the

1 process of winding down, "it is highly likely that important records of the work that Plaintiff
2 performed could be mislaid or damaged in the wind-down process," and that it may be difficult to
3 locate the company's former employees and clients who may be witnesses. *Id.*

4 These concerns do not stem from – and are not exacerbated by – vacating the entries of default.
5 Instead, Plaintiff would stand in the same position regarding the winding-down of U Unlimited had
6 Defendants timely responded. *See TCI Group*, 244 F.3d at 701. Any concerns about preservation of
7 evidence are addressed by this Court's Standing Order, which requires Defendants to preserve all
8 evidence in their possession relating to this lawsuit, including Plaintiff's time sheets and pay stubs.
9 *See* Standing Order, ECF No. 3-1 at 2, ¶ 5. Setting aside the defaults does not prejudice Plaintiff.

## IV.  CONCLUSION

The Court **GRANTS** Defendants' Motion for Relief from Entry of Default (ECF No. 17). The Defendants' e-filed first amended answer (ECF No. 26) is deemed filed as of the date of this order. Further, because the Court has vacated Defendants' default, Plaintiff's Motion for Default Judgment (ECF No. 9) is **DENIED AS MOOT**.

In addition, the Court orders the parties to comply with the requirements of the "Order Setting Initial Case Management Conference" (ECF No. 3) on the following revised schedule:

September 9, 2010:     Meet and confer and ADR procedures
September 23, 2010:    Rule 26(f) disclosures and joint report/case management statement
September 30, 2010:    Initial Case Management Conference at 1:30 p.m.

Additionally, at oral argument Plaintiff's counsel stated that she would be filing a motion to dismiss Defendants' counterclaims. The Court sets this matter for hearing on September 30, 2010 at 1:30 p.m., and sets the following briefing schedule in accordance with Civil Local Rule 7-3:

August 26, 2010:       Last day for Plaintiff to file motion for September 30th hearing
September 9, 2010:     Defendants' opposition due
September 16, 2010:    Plaintiff's reply due

**IT IS SO ORDERED.**

Dated: August 12, 2010

_____
LAUREL BEELER
United States Magistrate Judge